UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WAYNE PORTALATIN;
TIMOTHY ROYSTER,

       Plaintiff(s),                   CASE NO.: 1:25-cv-26095-RAR

vs.

ROLLING LOUD, LLC;
IPS NATIONWIDE, INC.; and
SOUTH FLORIDA STADIUM, LLC,

       Defendant(s).
_____/

**DEFENDANT IPS NATIONWIDE, INC'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, IPS NATIONWIDE, INC ("IPS"), by and through undersigned counsel, hereby moves to dismiss Counts I, II, III, and IV of the Amended Complaint [DE 6] filed by Plaintiffs, WAYNE PORTALATIN and TIMOTHY ROYSTER ("Plaintiffs"), for failure to state a cause of action pursuant to Rule 12(b)(6), or in the alternative moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

    **I.**    **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint be dismissed for "failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim to relief that is plausible on its face". *Hesterly v. Royal Caribbean Cruises*, 515 F. Supp. 2d 1278, 1281 (S.D. Fla. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678,

1

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Romano v. NCL Bahamas Ltd.*, No. 23-CV-21678- RAR, 2023 U.S. Dist. LEXIS 218121, at *2 (S.D. Fla. Dec. 7, 2023).

A complaint needs to provide the grounds of entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, while "detailed factual allegations" are not required, the standard demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because mere "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," in "considering a motion to dismiss, a court should eliminate any allegations in the complaint that are merely legal conclusions." *Kivisto v. Miller, Canfield, Paddock* & Stone, PLC, 413 Fed. App'x 136, 147 (11th Cir. 2011).

Rule 8(a)(2) requires the plaintiff "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Consequently, a "plaintiff cannot engage in costly discovery to support its claims. It must do so at the outset or face dismissal." *Magee v. Bank of N.Y. Mellon Corp.*, No. 2:23-cv-64-KS-MTP, 2024 U.S. Dist. LEXIS 219849, at *15 (S.D. Miss. Jan. 16, 2024) (citing *Clark v. Thompson*, 850 F. App'x 203, 213 (5th Cir. 2021)) (noting that the courts will not "allow [a plaintiff] to embark on

2

an unjustified fishing expedition against [a defendant] to discover facts that might have justified proceeding beyond the Rule 12(b)(6) stage if they had been alleged at the outset").

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Where the allegations of a complaint are "'vague and ambiguous – leaving the reader to guess at precisely what the [party] is claiming', the court should order a repleader" under Rule 12(e). *Holbrook v. Castle Key Ins. Co.*, 405 Fed. Appx. 459, 460 (11th Cir. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-31 (11th Cir. 2001)).

## II. Plaintiff's Amended Complaint Should be Dismissed Because it Fails to Satisfy the Basic Pleading Requirements of the Federal Rules of Civil Procedure

On or about December 30, 2025, Plaintiffs filed their First Amended Complaint, which alleged Count I: Vicarious Liability (Portalatin); Count II: Vicarious Liability (Royster); Count III: Negligence (Portalatin); and Count IV: Negligence (Royster) against IPS. The Amended Complaint also contains boilerplate allegations of gross negligence, intentional torts, and makes a claim for punitive damages.

As grounds for their claims, Plaintiffs allege that they were attacked without warning or provocation by security guards at the Rolling Loud Music Festival (the "Festival") located at Hardrock Stadium in Miami, Florida (the "Incident"). The Amended Complaint is otherwise devoid of facts establishing: (1) *where* exactly at the Hardrock's 265 acre premises the alleged Incident took place; (2) *when* the alleged Incident took

place—*i.e.* on what day (the Amended Complaint alleges two) or what time (before, during, or after the Festival); (3) *who* from IPS' staff was allegedly involved or the basis for concluding it was IPS' staff at all; and (4) *what* specific events took place. Consequently, as pled, the Incident alleged in the Amended Complaint, could have involved any security company, a concert-goer or vendor, or law enforcement agency and been at any part of the stadium, at any time.

The Amended Complaint also fails to satisfy the basic pleading requirements established by the Federal Rules of Civil Procedure as it consists almost entirely of conclusory allegations, boilerplate language, and vague assertions that fail to provide fair notice of the claims or demonstrate a plausible entitlement to relief against IPS. Further, the Amended Complaint improperly conflates negligence, gross negligence, and intentional torts and blanketly alleges "non-delegable duties" without identifying those duties or their legal source. While alternative pleading is certainly permitted, each alternative theory must be supported by adequate factual allegations, as opposed to merely conclusions of law.

Here however, the allegations are so bare it appears the Plaintiffs are improperly using discovery as a fishing expedition to ascertain the facts that should have been properly investigated and alleged by *them before* filing. The Amended Complaint is so devoid of detail that IPS cannot ascertain what is being alleged against it or prepare appropriate defenses. Plaintiffs have had more than one year from the date of the incident of which they complain to investigate the claim, yet their Amended Complaint is deficient of facts sufficient for Defendants to adequately frame a response.

Accordingly, Plaintiff's Amended Complaint fails to state a cause of action against IPS and must be dismissed. The Amended Complaint also fails to allege specific facts that would support a finding of intentional misconduct, as opposed to negligence, or gross negligence. Plaintiffs failure to distinguish between these theories creates confusion as to what conduct is alleged, what standard of care applies and what defenses are available. Indeed, in a venue covering 265 acres, and capable of hosting 96,000 people as a concert venue, the Plaintiffs should be required to provide the basic who, what, when, where, and how to enable IPS to formulate a proper response to the Amended Complaint.

IPS did not engage in intentional misconduct, or gross negligence, or ratify same, and Plaintiffs did not adequately allege any evidentiary support for punitive damages to a corporate entity under Florida law and those allegations should be stricken.

**WHEREFORE,** Defendant, IPS NATIONWIDE, INC, respectfully requests this Court dismiss Counts I, II, III, and IV of Plaintiffs' Amended Complaint with prejudice, or in the alternative require that Plaintiffs provide a more definite statement, and grant such further relief as the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(B), the undersigned counsel's office conferred with opposing counsel and he opposes the requested relief.

[SIGNATURE BLOCK IS ON THE FOLLOWING PAGE]

Dated: **February 27, 2026.**

                               */s/ Brook K. Somerville*
                               **ROBERT B. BIRTHISEL**
                               Florida Bar Number: 906654
                               rbirthisel@hamiltonmillerlaw.com
                               **BROOK K. SOMERVILLE**
                               Florida Bar No: 1039688
                               bsomerville@hamiltonmillerlaw.com
                               HAMILTON, MILLER & BIRTHISEL, LLP
                               100 S. Ashley Drive, Suite 1210
                               Tampa, Florida 33602
                               Tel: 813-223-1900 / Fax: 813-223-1933
                               **SERVICE E-MAIL:**
                               CBBserve@hamiltonmillerlaw.com
                               *Counsel for IPS Nationwide, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on **February 27, 2026**, the foregoing document is being filed with this Court and served on all counsel of record identified on the Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

                               */s/ Brook K. Somerville*
                               Attorney

## SERVICE LIST

**RAYMOND R. DIEPPA**
Florida Bar No. 27690
FLORIDA LEGAL, LLC
Attorneys for Plaintiff
150 SE 2nd Avenue, Ste 1001
Miami, FL 33131
(t) (305) 901-2209
(f) (786) 870-4030
**E-MAIL: ray.dieppa@floridalegal.law**
*Counsel for Plaintiffs*