# <u>RETURN OF SERVICE</u>

## UNITED STATES DISTRICT COURT
District of Florida

Case Number: 1:25-CV-26095-RAR

Plaintiff:
**WAYNE PORTALATIN;**
**TIMOTHY ROYSTER**

vs.

Defendant:
**ROLLING LOUD, LLC;**
**IPS NATIONWIDE, INC.;**
**SOUTH FLORIDA STADIUM,**
**LLC**

For:
Raymond Dieppa, Esq
Florida Legal, LLC

Received by DLE Process Servers, Inc on the 27th day of April, 2026 at 10:11 am to be served on **Miami-Dade Sheriff's Office, 9105 N.W. 25th Street, Doral, FL 33172**.

I, Aldo Arocha, do hereby affirm that on the **28th day of April, 2026** at **11:03 am, I:**

served a **CORPORATION** by delivering a true copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Schedule A** with the date and hour of service endorsed thereon by me, to: **Eva Z #Records Department** as **Records Custodian** for **Miami-Dade Sheriff's Office**, at the address of: **9105 N.W. 25th Street, Doral, FL 33172**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18 and have no interest in the above action.

_____
**Aldo Arocha**
ID 3320

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2026030329
Ref: 00794

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

```
DELIVERED  4/28/2026 11:03 AM
SERVER     _____
LICENSE    ID 3320
```

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Wayne Portalatin Timothy Royster
     Plaintiff(s),

vs.

Case No.: 1:25-cv-26095-RAR

Rolling Loud, LLC IPS Nationwide, Inc. South
Florida Stadium, LLC
     Defendant(s).

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Miami-Dade Sheriff's Office

9105 NW 25th St.
Doral, FL 33172
**Phone:** 305-471-2070
**Fax:** 305-471-2072
**Email:** recordsrequest@mdso.com

*(Name of person to whom this subpoena is directed)*

    **X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A – Attached.**

| Place: Produce by email or US Mail to: ray.dieppa@floridalegal.law, 150 SE 2 Ave, Ste 1001, Miami, FL 33131 | Date and Time: **7 DAYS FROM RECEIPT OF SUBPOENA** |
| --- | --- |

    ' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
|  |  |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 24, 2026

*CLERK OF COURT*

OR

*/s/ Raymond R. Dieppa*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

| Signature of Clerk or Deputy Clerk | Attorney's signature |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:
Raymond R. Dieppa, Esq. ray.dieppa@floridalegal.law, 150 SE 2 Ave, Ste 1001, Miami, FL 33131; 305-901-2209

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

' I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

' I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                  _____
                                                          *Printed name and title*

                                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

## SCHEDULE A

For the following  offense/incident report please provide

| Agency Of Occurence | Date Written | OFFENSE-INCIDENT REPORT MIAMI-DADE SHERIFF'S OFFICE | Agency Report Number |
|---|---|---|---|
| 100 | 12/16/2024 | | PD241215386995 |

| REPORT SUMMARY (SUPPLEMENTAL) | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ L.E. Exempt | ☐ D.V. | ☐ Poss. Mental Health Disorder | ☐ Gang Related | ☐ Juv. in Report | ☐ Juv. Warn/Dismiss | ☐ Marsy's Law | ☐ Tourist |

1.  All body camera and surveillance CCTV footage obtained from the scene.
2.  An entire copy of your police file including all notes.
3.  All photographs
4.  All witness statements and contact information for witnesses.
5.  A complete copy of the police report and all supplements.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 5)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).